## UNITED STATES *v.* SMITH.

*(District Court, W. D. South Carolina. February 5, 1891.)*

INTERNAL REVENUE—RETAIL LIQUOR DEALER.

A practicing physician, living in the country, who, when he prescribes whisky for his patients, furnishes the liquor himself, charging the usual price, without having paid the special tax, is guilty of a violation of Rev. St. U. S. § 3242, requiring payment of a special tax by all retailers of spirituous liquors.

Indictment for Carrying on the Business of Retail Liquor Dealer without having Paid the Special Tax.

*A. Lathrop*, Dist. Atty., for the United States.

*M. F. Ansel*, for defendant.

SIMONTON, J., (*charging jury.*) There is no dispute as to the main facts of this case. The defendant, a practicing physician, living in the country, is in the habit, when he prescribes whisky for his patients, of furnishing the liquor himself, charging the usual price. He has not paid the special tax. The section (3242) of the Revised Statutes requires all persons who retail spirituous liquors to pay a special tax. The chapter of which this section is a part makes two exceptions only,—vintners who sell wine of their own growth at the place where it is made, and apothecaries who use wines and spirituous liquors exclusively in the preparation or making up of medicines. Section 3246. No physician who has not paid the special tax can keep on hand a supply of spirituous liquor, and sell it out to his patients, even if he does this in the way of prescription. An impression seems to prevail in many parts of the district that the prescription justifies the sale. This is error. The defendant says that he did not know that he could not lawfully do this. This will not affect the question whether he has violated the section. You will find him guilty.